**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-60652
Summary Calendar

JOYCE M. BROWN,

Plaintiff-Appellee,

VERSUS

K MART CORPORATION,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi

(5:96-CV-2-BrN)

August 17, 1998

Before WISDOM, WIENER, AND DENNIS, Circuit Judges:

PER CURIAM:[*]

Following a jury trial, Joyce Brown was awarded $300,000 in damages for back injuries she sustained in a slip and fall accident at the Kmart store in Natchez, Mississippi. Kmart filed motions for a judgment as a matter of law, or, in the alternative, for a new trial or remittitur on the issue of damages. The district court denied those motions. Kmart appeals.

Under Mississippi law, a store owner owes its customers a duty of ordinary care to keep its premises in a reasonably safe condition.[2] Kmart argues that it kept its store in a reasonably safe

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]   *Waller v. Dixieland Food Store, Inc,* 492 So.2d 283, 285 (Miss. 1986).

1

condition and that it warned Joyce Brown of the condition of its floor. We find, however, that there is ample evidence to support the jury's verdict holding Kmart sixty percent at fault in the accident.[3] The evidence showed that it was raining on the day of the accident and that Kmart employees were aware of the water in the store's entry-way. Joyce Brown, Amy Davis, and Margaret Gray testified that there were no signs warning that the floor was slippery, nor were there any carpets to absorb the water. Although Kmart argues that the testimony of its employees shows that Kmart met its duty of ordinary care by warning Brown of the slippery conditions, we find that the jury's verdict, based on the testimony of Brown, Davis, and Gray, is reasonable. The district court did not err in denying Kmart's motion for a judgment as a matter of law on this issue.

Kmart also argues that the district court erred in allowing Brown to call Margaret Gray outside of Brown's case in chief. We review the district court's decision to allow Gray to testify as a rebuttal witness for abuse of discretion.[4] We find no abuse. Gray's testimony was offered to rebut the testimony of Kmart employees on two critical points. She testified that Kmart did not place warning cones, mop buckets, and carpets in the entry-way as the employees alleged. She also testified that Brown's pants were wet, a fact disputed by Mary Jo Britt, a Kmart employee.

Finally, Kmart argues that the jury's award of $300,000 in damages is excessive.[5] We review the district court's denial of a motion for new trial or remittitur for abuse of discretion.[6] When a jury award is so excessive that it is contrary to "right reason" that verdict is subject to remittitur, not a new trial.[7] In reviewing this damage award, we recognize that "the determination of the extent of

---

[3]  "A jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as the jury did." *Harrington v. Harris*, 118 F.3d 359, 366 (5th Cir. 1997) (citing Fed. R. Civ. P. 50(a)(1)).

[4]  *Williams v. Briggs Co.*, 62 F.3d 703, 707 (5th Cir. 1995); *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991).

[5]  Brown's actual medical expenses were $10,322. The award of $300,000 was reduced by 40% due to Brown's comparative share of fault. Her total recovery, then, was $180,000.

[6]  *Marcel v. Placid Oil Co.*, 11 F.3d 563, 568 (5th Cir. 1994).

[7]  *Id*.

damages is for the trier of fact, and in this area the appellate court should step lightly or not at all".[8] A jury's award of damages for pain and suffering is dependent upon the facts of the particular case.[9] Because the jury has observed the parties and has heard the evidence while "we have only read papers," we do not overturn a jury's award except upon the "strongest of showings".[10] In this case, we find that the district court did not abuse its discretion in entering judgment in the amount of $300,000 based upon the jury's verdict. Although this award may be high, we "cannot say that the jury's verdict is excessive or unreasonable". After three years of treatment, Brown still suffers from a back injury that has not responded to treatment. Her doctors have confirmed this point.

The judgment of the district court is AFFIRMED.

---

[8] *In re Air Crash Disaster Near New Orleans, La*, 767 F.2d 1151, 1155 (5th Cir. 1985).

[9] In assessing a jury's verdict, we often compare that verdict wi th those approved by other courts in the jurisdiction in similar cases. *Marcel*, 11 F.3d at 568. In the present case, we, like the district court, have not found any Mississippi cases that are sufficiently similar to compare with the present case. The cases we have found are factually distinguishable based upon the extent of the plaintiff's injuries.

[10] *In re Air Crash Disaster Near New Orleans, La*, 767 F.2d at 1155.